IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LARRY WAYNE LANIER,
    Plaintiff,

vs.                                          Case No. 3:10cv525/WS/EMT

UNIDENTIFIED POSTAL WORKERS, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

      This cause is before the court on Plaintiff's civil rights complaint filed under to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971)[1] (Doc. 1).  Leave to proceed in forma pauperis has been granted.

      Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to

---

[1] Bivens recognized a private right of action for money damages against federal actors that engaged in alleged violations of the Constitution or laws of the United States.  403 U.S. at 397.

Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). However, such acceptance should not be given blindly; only well-pleaded factual allegations are taken as true, and only reasonable inferences are drawn in favor of the plaintiff. *See* Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Marrero v. City of Hialeah, 625 F.2d 499, 502 (5th Cir. 1980);[2] *see also* Long v. Satz, 181 F.3d 1275, 1278 (11th Cir. 1999) (per curiam) ("reasonable inferences" drawn); Associated Builders, Inc. v. Ala. Power Co., 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true"). A plaintiff must allege more than mere "labels and conclusions"; the complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007) (citations and internal quotations omitted). Indeed, "any conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts do not prevent dismissal." Weissman v. Nat'l Ass'n of Sec. Dealers, 500 F.3d 1293, 1305 (11th Cir. 2007) (en banc) (Tjoflat, J., dissenting) (citing Associated Builders, Inc., 505 F.2d at 99). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See* Bell Atl. Corp., *supra* (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). Upon review of the amended complaint, the court concludes that dismissal of this action is warranted.

I. RELEVANT ALLEGATIONS

Plaintiff is currently incarcerated at Holman Prison in Atmore, Alabama (Doc. 1 at 2).[3] He names the following Defendants in this action: unidentified employees of the United States Postal Service ("USPS'), and Pat Niedecken, Eloe Brooks, and M. Hooper, all of whom appear to be employees of the Circuit Court in and for Escambia County, Florida ("Escambia County Circuit Court") (*id.* at 1–2). Plaintiff claims that in 1996–1997, and again in November of 2010, Defendants

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent all of the decisions of the former Fifth Circuit decided prior to October 1, 1981.

[3] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those Plaintiff may have assigned.

engaged in acts of negligence and fraud in the handling of his mail (*id.* at 6–15). As his first claim, he states that in September of 1996, he sent mail to the Public Defender's Office, the Escambia County Sheriff's Office, and the Escambia County Clerk of Court, all of which were addressed to "M.C. Blanchard Bldg., 190 Gov't Center, Pensacola, FL 32501" (*id.* at 8, 10, 16). In addition to postage, he paid $1.10 per letter to send them certified mail, and an additional $1.10 for a return receipt (*id.* at 16–17). Plaintiff states Defendant Niedecken signed as the agent/recipient for all three letters on September 12, 1996 (*id.*). Plaintiff contends the mail carrier and Niedecken violated his civil rights because Niedecken could not be an agent of all three offices without having a conflict of interest (*id.* at 10).

As Plaintiff's second claim, he states that two months later, on November 12, 1996, he sent mail to the Escambia County Clerk of Court and paid the additional fees (a total of $2.20) to send it certified mail and return receipt (*id.* at 11, 17). He states Defendant Brooks signed as the agent of the addressee (*id.*). Plaintiff contends the mail carrier and Brooks violated his civil rights because Brooks was not an agent of the Clerk of Court (Plaintiff apparently adduces this conclusion from the fact that the docket in his criminal case does not reflect the filing of any documents in November of 1996) (*id.* at 11).[4]

Plaintiff also claims he has been the victim of negligent mail handling by USPS employees in 1996 and 1997. Examples of their alleged negligence include accepting unintelligible signatures on return receipts, not requiring signers to date their signatures on return receipts, affixing a postmark that was unintelligible, and delaying delivery of a piece of mail for nearly two weeks because it was left in a machine (*id.* at 8–10, 25).

As Plaintiff's last claim, he states that on November 15, 2010, he sent mail to Judge Shackelford, a circuit judge for the Escambia County Circuit Court, and paid to send it not only certified mail and return receipt, but also "restricted delivery," which means, according to USPS policy, that only a specified person or the person's authorized agent could receive the mail (*id.* at 11–12, 20, 24). Plaintiff paid a total of $9.60 for the additional services ($2.80 for certified, $2.30

---

[4] The online docket of Plaintiff's criminal case, which was apparently the subject of his mailings in 1996 (and 2010, as discussed more fully *infra*) and is currently assigned to Judge Shackelford, Case No. 1994 CF 001016, reflects filings by Plaintiff in June, August, and September of 1996, and October, November, and December of 2010. *See* http://www.escambiaclerk.com, Courtviewer Records Search for Larry Wayne Lanier, Case No. 1994 CF 001016 (last visited February 10, 2011).

Case No: 3:10cv525/WS/EMT

for return receipt, and $4.50 for restricted delivery) (*id.* at 12, 24). Plaintiff states Defendant M. Hooper signed as Judge Shackelford's agent, even though Plaintiff believed only Judge Shackelford could sign for it, since he sent it restricted delivery (*id.* at 11–12). Plaintiff contends the USPS policy of permitting an authorized agent to sign for mail sent restricted delivery, instead of only the addressee, constitutes fraud because the sender is paying an additional fee but not getting any additional services.

Plaintiff claims that Defendants' conduct violated his Fourth, Eighth, and Fourteenth Amendment rights (*id.* at 15). He additionally claims that the USPS engaged in fraud and a breach of trust (*id.* at 13, 15). As relief, he seeks punitive damages in the amount of $500,000.00 and compensatory damages in the amount of $500,000.00 for mental anguish and emotional stress he has suffered over the past fourteen years (*id.* at 13, 15). He also seeks an injunction prohibiting the USPS from operating under its current fraudulent policies, practices, and regulations (*id.*).

II.   ANALYSIS

Initially, Plaintiff's claims against Defendants Niedecken, Brooks, and USPS employees regarding the events that occurred in 1996 and 1997 are untimely. Because § 1983 does not contain a specific statute of limitations, 42 U.S.C. § 1988 directs courts to select and apply the most appropriate or analogous state statute of limitations. *See* Owens v. Okure, 488 U.S. 235, 236, 249–50 (1989). In states with more than one statute of limitations, such as Florida, the forum state's general or residual personal injury statute of limitations applies to all § 1983 actions filed in federal court in that state. *Id.* at 236. The applicable statute of limitations in Florida is four (4) years. Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003); Fla. Stat. § 95.11(3)(p); *see also* City of Hialeah v. Rojas, 311 F.3d 1096, 1102 n.2 (11th Cir. 2002) ("Section 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years"). The running of the statute of limitations is a sufficient ground to justify dismissal of a claim as frivolous. Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003); Clark v. Ga. Pardons & Paroles Bd., 915 F.2d 636, 641 n.2 (11th Cir. 1990).

While state law determines the applicable statute of limitations, "[f]ederal law determines when the statute of limitations begins to run." Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003). The general federal rule is that a cause of action "will not accrue, and thereby set the limitations

clock running, until the plaintiffs know or should know (1) that they have suffered the injury that forms the basis of their complaint and (2) who has inflicted the injury." Chappell, 340 F.3d at 1283 (citation omitted); Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003) (noting that the statute of limitations accrues "from the date the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights"); *see also* Walker v. United States, 196 Fed. Appx. 774, 776 (11th Cir. 2006) (explaining that "a cause of action accrues for purposes of the statute of limitations in § 1983 and Bivens cases when the plaintiff knows or has reason to know of an injury and who has inflicted it").[5] The continuing violation doctrine constitutes an exception to this rule. "The critical distinction in the continuing violation analysis . . . is whether the plaintiffs complain of the present consequence of a one time violation, which does not extend the limitations period, or the continuation of that violation into the present, which does." Knight v. Columbus, Ga., 19 F.3d 579, 580–91 (11th Cir. 1994) (internal quotation marks omitted). Dismissal under Rule 12(b)(6) on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred. *See*, *e.g.*, La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004); Omar v. Lindsey, 334 F.3d 1246, 1251 (11th Cir. 2003).

In the instant case, Plaintiff's claims against Defendant Niedecken, Defendant Brooks, and the USPS employees who delivered the mail to Niedecken and Brooks accrued in 1996. As to Niedecken, Plaintiff knew both that he was "injured" and that Niedecken and the letter carrier had caused his "injury" in September of 1996, upon his receipt of the return receipts showing that Niedecken signed for all three letters (as evidenced by Plaintiff's submission of the return receipts (*see* Doc. 1 at 16)). As to Brooks, Plaintiff knew that he was "injured" and that Brooks and the letter carrier had caused an "injury" in November of 1996, upon his receipt of the return receipt showing that Brooks had signed for the document, and Plaintiff knew at that time, or could have readily ascertained, that his document was not filed with the Clerk's Office (*see* Doc. 1 at 17). Thus fourteen (14) years elapsed between the alleged constitutional violations and the filing of the instant action on December 13, 2010 (*see* Doc. 1 at 15). This far exceeds the four-year statute of limitations

---

[5] The undersigned cites Walker, an unpublished opinion, only as persuasive authority and recognizes that the opinion is not considered binding precedent. *See* 11th Cir. R. 36-2.

Case No: 3:10cv525/WS/EMT

that governs § 1983 actions in Florida. Moreover, Plaintiff does not allege, and nothing in the complaint implies, that the extraordinary remedy of equitably tolling the limitations period should be applied. *See* Justice v. United States, 6 F.3d 1474, 1475 (11th Cir. 1993) ("The doctrine of equitable tolling abates the harsh operation of the statute of limitations under certain circumstances in which barring a plaintiff's potentially meritorious action would be unjust."). Additionally, the continuing violation doctrine does not save Plaintiff's § 1983 claims, as Plaintiff "complain[s] of the present consequence of [] one time violation[s], which does not extend the limitations period . . . ." Knight, 19 F.3d at 580–91. Accordingly, Plaintiff's claims against Defendants Niedecken, Brooks, and the USPS employees who allegedly mishandled his mail in 1996 and 1997 are barred by the statute of limitations and should be dismissed. *See* Halfez v. Madison, 348 Fed. Appx. 465, 467 (11th Cir. 2009) (unpublished).

Moreover, none of Plaintiff's allegations, even his more recent allegations against Defendant Hooper and the USPS, amount to violations of the constitutional provisions cited by Plaintiff. Plaintiff's claim that Defendants' conduct constituted unlawful seizures of his property in violation of the Fourth Amendment is patently frivolous and warrants no further discussion. Plaintiff's Eighth Amendment claim is likewise frivolous. The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed nor cruel and unusual punishments inflicted." U.S. Const. amend VIII. The Eighth Amendment applies only to cases involving punishment. Austin v. United States, 509 U.S. 602, 609–10, 113 S. Ct. 2801, 2805–06, 125 L. Ed. 2d 488 (1993) ("The purpose of the Eighth Amendment, putting the Bail Clause to one side, was to limit the government's power to punish. The Cruel and Unusual Punishments Clause is self-evidently concerned with punishment. The Excessive Fines Clause limits the government's power to extract payments, whether in cash or in kind, "as punishment for some offense". . . . [T]he [operative] question is . . . whether [the challenged government conduct] is punishment.") (citing Browning-Ferris Industries of Vt., Inc. v. Kelco Disposal, Inc., 492 U.S. 257, 109 S. Ct. 2909, 106 L. Ed. 2d 219 (1989)); *see also* Ingraham v. Wright, 430 U.S. 651, 664–68, 97 S. Ct. 1401, 1408–11, 51 L. Ed. 2d 711 (1977) (Cruel and Unusual Punishments Clause of Eighth Amendment was designed to protect those convicted of crime and circumscribes criminal process in three ways: it limits kinds of punishment that can be imposed on those convicted of crimes, it proscribes

punishment grossly disproportionate to severity of crime, and it imposes substantive limits on what can be made criminal and punished as such). In this case, Plaintiff's legal theory that Defendants' negligent and fraudulent handling of his mail constitutes punishment is indisputably meritless. Therefore, his Eighth Amendment claim should be dismissed as frivolous.

Plaintiff's due process claim is also without merit. It is well established that negligent or intentional deprivations of property resulting from random, unauthorized acts of government officials do not become constitutional violations when there exist adequate remedies under state law for Plaintiff to seek redress for the deprivation. Hudson v. Palmer, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984); Parratt v. Taylor, 451 U.S. 527, 543–44, 101 S. Ct. 1908, 1917, 68 L. Ed. 2d 420 (1984), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986) (overruling Parratt to the extent that it states that mere lack of due care by a state official may "deprive" an individual of life, liberty, or property under the Fourteenth Amendment); Rodriguez-Mora v. Baker, 792 F.2d 1524, 1527 (11th Cir. 1986). The attachments to Plaintiff's complaint show that the USPS provides a claims process for loss or damage of registered mail (*see* Doc. 1 at 20). Furthermore, both Florida law and federal law provide a tort remedy for any alleged deprivations of property (to the extent Plaintiff asserts he paid for a service he did not receive, or that the USPS's policy of permitting an agent of the addressee to accept restricted delivery is fraudulent). *See* 28 U.S.C. § 1346; Fla. Stat. § 768.28. Therefore, Plaintiff cannot maintain an action under § 1983 or Bivens based on the alleged deprivation of his property. Indeed, under no set of facts can Plaintiff establish that these avenues for relief are constitutionally insufficient. Moreover, Plaintiff has not alleged that he is without an adequate post-deprivation remedy for Defendants' alleged unconstitutional taking of his property. Therefore, Plaintiff cannot state an actionable claim under the Due Process Clause of the Fourteenth Amendment.

III.   CONCLUSION

Based upon the foregoing, the undersigned concludes that this action should be dismissed as frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

Accordingly, it is respectfully **RECOMMENDED**:

1.   That this action be **DISMISSED** as frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

2. That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida, this 11th day of February 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**